IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| LUIS LLAMAS | NO. 21-390 |

HODGE, J.                                                                                                December 30, 2025

## MEMORANDUM

Defendant Luis Llamas ("Defendant") seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. (ECF No. 38.) Because Defendant does not meet the requirements for relief under this Amendment, his motion must be denied.

**I.   BACKGROUND[1]**

On September 28, 2021, Defendant was charged in an Information with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (ECF No. 1.) Defendant pled guilty to this offense on November 8, 2021. (ECF No. 11.) In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Defendant's sentencing range under the advisory Sentencing Guidelines.

As set forth in the PSR, Defendant was a member of a drug distribution operation that sold fentanyl, methamphetamine, cocaine, and marijuana in the Philadelphia area. The Probation Office determined that, on account of the quantities of drugs involved, the base offense level was 34 under USSG § 2D1.1. Defendant was subject to a two-level enhancement for gun possession,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

a two-level enhancement for maintaining a premises for drug distribution purposes, and three-level enhancement for his supervisory role in the offense, resulting in an adjusted offense level of 41. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 38. (ECF No. 39 at 2-3.)

Defendant has three prior convictions for drug trafficking offenses and one prior conviction for a theft offense. He received three criminal history points for each of these convictions, resulting in a score of 12. Defendant received two additional criminal history points pursuant to U.S.S.G. § 4D1.1(d), commonly known as "status points," because he was on supervised release when he committed the offense in this case. This resulted in a total criminal history score of 14, which placed him in criminal history category VI. In addition, because Defendant had two or more prior convictions for controlled substance offenses as defined in USSG § 4B1.2, he was classified as a career offender under § 4B1.1, which also placed him in criminal history category VI. (ECF No. 39 at 3.)

Although Defendant's offense level under the career offender guideline was 37, the higher adjusted offense level under Section 2D1.1 of 41 exceeded the career offender offense level and was controlling. With a total offense level of 38 and a criminal history category of VI, Defendant's guideline range was thirty years to life. He was also subject to a mandatory minimum sentence of 10 years. (ECF No. 39 at 3.)

Prior to sentencing, the Government—based on Defendant's substantial assistance—moved for a downward departure from the guideline range under U.S.S.G. § 5K1.1 and from the mandatory minimum sentence under 18 U.S.C. § 3553(e). At the sentencing hearing on January 25, 2023, the Court adopted the guideline calculation in the PSR and granted the Government's motion, imposing a term of imprisonment of 84 months. (ECF No. 39 at 4.)

Defendant now seeks a sentence reduction based on 18 U.S.C. § 3582(c)(2) and Amendment 821. The Government opposes the motion.

## II. DISCUSSION

Section 3582(c)(2) permits a court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court may grant a sentence reduction under § 3582(c)(2) only (1) if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (2) "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The applicable policy statement is set forth in U.S.S.G. § 1B1.10, which "contains its own, more specific requirements for a sentencing reduction." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017). Under that provision, the amendment in question must be one the Sentencing Commission has made retroactive, and the amendment must "have the effect of lowering the defendant's applicable guideline range." *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)). To determine whether an amendment has the required effect, the court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). In making this determination, the court may "substitute only the [relevant amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced," leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the amendment has the effect of lowering the defendant's applicable guideline range, then the court must consider any applicable §

3553(a) factors and determine whether, in its discretion, to grant a sentence reduction. *Dillon*, 560 U.S. at 827.

As relevant here, Amendment 821 made changes designed to limit the impact of "status points"—points added if the defendant committed the offense of conviction while under another sentence—on a defendant's criminal history score. Part A of the Amendment eliminated status points for defendants with six or fewer criminal history points and reduced the number of status points that may be assigned for defendants with seven or more criminal history points from two to one. *See* U.S.S.G. Supp. App. C, Amend. 821.

Although these changes apply retroactively, *see* U.S.S.G. § 1B1.10(d); U.S.S.G. Supp. App. C, Amend. 825, they do not have the effect of reducing Defendant's guideline range. Applying Amendment 821, Defendant would receive only one status point, reducing his criminal history score from 14 to 13. As a career offender, however, Defendant would remain in criminal history category VI, as required under the career offender guideline.[2] *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history in every case under this subsection shall be Category VI."). As a result, Defendant is not eligible for a sentence reduction based on Amendment 821. *See United States v. Jarmon*, No. 24-2681, 2025 U.S. App. LEXIS 365, 2025 WL 40854, at *1 (3d Cir. Jan. 7, 2025) (holding a defendant whose "criminal-history category of VI was based not on status points, but rather on his designation as a career offender" was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 821).

III.    CONCLUSION

---

[2] Indeed, even if Defendant was not a career offender, Amendment 821 would not change his criminal history category, as criminal history category VI includes offenders with 13 or more criminal history points.

Because Defendant is ineligible for a sentence reduction under Amendment 821, his motion is denied. An appropriate Order follows.

                                                    **BY THE COURT:**

                                                    /s/ Kelley B. Hodge

                                                    **HODGE, KELLEY B., J.**