**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | |
| **LUIS LLAMAS** | **NO. 21-390** |

**HODGE, J.** **September 25, 2026**

# MEMORANDUM

Before the Court is third-party petitioner Andre Grant's ("Grant") Motion to Open the Claim of $70,758.00 (ECF No. 50 (the "Ancillary Petition")), which the Court construes as an ancillary petition pursuant to 21 U.S.C. § 853(n)[1], and the Government's Motion to Dismiss the Ancillary Claim of Andre Grant or, In the Alternative, For Summary Judgment (ECF No. 52 (the "Government's Motion to Dismiss")). For the following reasons, the Government's Motion to Dismiss will be granted and the Ancillary Petition will be dismissed.

## I. BACKGROUND[2]

On September 28, 2021, the Defendant in this action, Luis Llamas ("Llamas"), was charged in an Information with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). (ECF No. 1.) Llamas pled guilty to this

[1] The Court reviews the present petition in accordance with its obligation to liberally construe a pro se litigant's pleadings. *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). While Grant's filing does not explicitly state that he petitions the Court under 21 U.S.C. § 853(n), it is the appropriate statute under which a petitioner may recover funds that have been forfeited in accordance with a criminal proceeding. The notice of forfeiture mailed to grant by the United States Department of Justice, which Grant attaches to his "Motion to Open the Claim," was also sent to Grant "pursuant to 21 U.S.C. § 853(n)." (ECF No. 50 at 2.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

offense on November 8, 2021. (ECF No. 11.) On January 25, 2023, the Honorable Judge Richard B. Surrick sentenced Llamas to 84 months of imprisonment. (ECF No. 30.) The Court also granted the Government's motion for forfeiture as to Llamas's interest in $70,758.00 in United States currency that was seized on June 16, 2021 during a search of Llamas's residence. (ECF No. 36.) The Government provided notice to potential claimants—including Grant—of Llamas's forfeiture and instructions regarding how to make a claim against the currency. (ECF No. 52 at 3.) This included direct notice mailed to Grant on September 18, 2024 and November 18, 2024, as well as simultaneous advertisement of the notice on forfeiture.gov from September 19, 2024 to October 18, 2024. (*Id.*) On February 3, 2025, the Government also mailed a copy of the Judgment and Preliminary Order of Forfeiture that was entered by the Court. (ECF No. 50 at 2–6.)

On February 28, 2025, Grant filed a complaint against Llamas in the Eastern District of Pennsylvania, to which he attached a "Claim Form" dated December 5, 2024. *See* Complaint at 7–15, *Grant v. Llamas*, No. 25-cv-1093 (E.D. Pa. Feb. 28, 2025), Dkt. No. 2 ("2024 Compl."). The Claim Form stated in part that Grant had been living at Llamas's residence at the time that the property was searched as part of the investigation into Llamas's criminal activity. *Id.* at 9. Grant indicated that investigators may have seized some of his property during the search:

> This took some valuable time and items that I had brough[t][.] T.V.'s, clothing, new bedroom set, electronics, personal items, shoes, furniture and documents needed for everyday living. And U.S. currency was also confiscated during the raid. What I [was] saving during working (employed).

*Id.* On March 4, 2025, the Honorable Judge Juan R. Sánchez dismissed the complaint without prejudice for lack of subject matter jurisdiction. *Grant v. Llamas*, No. 25-cv-1093, 2025 WL 714367 (E.D. Pa. Mar. 4, 2025). In a memorandum opinion, Judge Sánchez noted that it was "unclear whether [Grant] intended this 'Claim Form' to be filed as a response to the U.S.

Attorney's February 3, 2025 letter to assert his right to the $70,758.00" seized in connection with the criminal action against Llamas. *Id.* at *1. To ensure that Grant's potential claim was brought to the attention of the judge overseeing Llamas's criminal case and the U.S. Attorney's Office, Judge Sánchez directed the Clerk of Court to docket the Claim Form as a notice on this docket. *Id.* at *3; (*see also* ECF No. 42 (docketing the notice on March 5, 2025)). Grant did not pursue an ancillary petition on this docket following Judge Sánchez's order and the U.S. Attorney's Office did not file a response to the notice.

On June 1, 2026, Grant filed the Ancillary Petition with this Court. (ECF No. 50.) In support of the petition, Grant states the following:

> I, Andre Grant[,] am putting in a motion to open the claim of $70,758.00 in United States currency seized on June 16, 2021. I received the notice because I have been identified as a potential owner of the $70,758.00. I received a copy of the judgment and preliminary order of forfeiture entered by the court, on January 25, 2023, in U.S. vs. Luis Llamas, Criminal No. 21-390. I am interested in p[u]rsuing the funds of $70,758.00. I was p[u]rsuing the claim and went to 615 Chestnut Street in Philadelphia, PA.

(*Id.* at 1.) Grant attached what appears to be the same Claim Form discussed above to the Ancillary Petition. (*Id.* at 6–10). The Court thereafter ordered the Government to respond to the Ancillary Petition. (ECF No. 51.) The Government filed the Motion to Dismiss on September 1, 2026. (ECF No. 52.) Grant did not file a reply.

## II. LEGAL STANDARD

Criminal forfeiture proceeds in two stages.[3] In the first stage, the Government may seek the forfeiture of specific property by "establish[ing] the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). The court makes a determination based on evidence already in the record, including any written plea agreement and relevant and reliable evidence submitted by the parties, as to what specific property is subject to forfeiture. Fed. R. Crim. P.

[3] This case is currently at the second stage of the forfeiture process.

32.2(b)(1)(B). The court's determination is issued in the preliminary order of forfeiture. *See* Fed. R. Crim. P. 32.2(b)(2). Thus, "[a]t the first stage, only the Government and defendant are involved—the court makes a preliminary forfeiture determination 'without regard to any third party's interest,' which can only be considered later after the preliminary order is issued." *United States v. Nicoll*, 711 F. App'x 108, 110 (3d Cir. 2017) (citing Fed. R. Crim. P. 32.2(b)(2)(A)).

"The second stage of the forfeiture proceedings allows third parties to file ancillary [petitions] and establish their superseding or *bona fide*-purchaser interests in the forfeited property." *Id.* at 111 (citing Fed. R. Crim. P. 32.2(c)); 21 U.S.C. § 853(n)(6)(B). The procedure for ancillary petitions is established in 21 U.S.C. § 853(n), which requires that ancillary petitions be signed by the petitioner under penalty of perjury and set forth "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3).

If a third party files an ancillary petition as prescribed by statute, the court must hold an ancillary proceeding to adjudicate the validity of the property interest. *See United States v. Nolasco*, 354 F. App'x 676, 678 (3d Cir. 2009) (citing 21 U.S.C. § 853(n)(2)). "[W]here a third party's interest in the forfeited property, at the time of the criminal acts, [is] superior to the criminal defendant's interest, then the interest that the government acquires when it steps into the defendant's shoes is subordinate to that of the third party," and the third party prevails at the ancillary proceeding. *See id.* at 678–79 (quoting *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991)). Upon the disposition of all ancillary petitions, the court will amend the order of forfeiture accordingly before entering a final order of forfeiture. *Id.* at 679 (citing 21 U.S.C. § 853(n)(6)–(7)).

A district court may, on motion, dismiss the petition for lack of standing, failure to state a claim, or any other lawful reason. Fed. R. Crim. P. 32.2(c)(1)(A). A motion to dismiss an ancillary petition is treated like a motion to dismiss under Federal Rule of Civil Procedure 12(b). *United States v. Sze*, No. 22-cr-0141, 2024 WL 195468, at *5 (D.N.J. Jan. 18, 2024 (quoting *United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015)). The court therefore must take the facts alleged in the petition as true and determine whether the petitioner plausibly alleged facts giving rise to a claim for relief. *Id.*

## III. DISCUSSION

Upon consideration of the Ancillary Petition, the Court finds that Grant has failed to plead a legal interest as required under § 853(n). As such, the Court will deny the Ancillary Petition for failure to establish statutory standing and to meet the pleading requirements set forth in § 853(n)(3).

"[I]n enacting section 853(n)(6)(A) and (B), [Congress] intended to accord standing to only two narrow classes of third parties." *Lavin*, 942 F.2d at 185. Standing to petition exists where the third-party petitioner (1) had a legal interest superior to the defendant in the property at the time of the acts giving rise to the forfeiture of that property, or (2) the petitioner was a *bona fide* purchaser for value without reason to believe that the property was subject to forfeiture. *Id.*; *see also Sze*, 2024 WL 195468, at *6 (explaining that to establish standing to pursue a claim in an ancillary proceeding, the petitioner "must show an 'identifiable legal interest' in a 'particular, specific asset' that is part of the forfeited property" (quoting *United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997))).

Here, Grant fails to allege facts establishing a legal interest in the forfeited funds as required under § 853(n). The Ancillary Petition states that investigators "took items . . . that

[were] left in the house after the raid," including clothing, electronics, and personal items. (ECF No. 50 at 8.) Grant further notes that "U.S. currency was also confiscated during the raid. What I was saving during working (employed)." (*Id.*) The Ancillary Petition does not state what portion, if any, of the confiscated currency *belonged to Grant*. Indeed, the Ancillary Petition seems to suggest that Grant viewed the notice of forfeiture as an invitation to claim the entire $70,758.00 in forfeited funds regardless of any actual ownership interest.[4] (*See* ECF No. 50 ("I have been identified as a potential owner of the $70,758.00 . . . I am interested in p[u]rsuing the funds of $70,758.00.")) The Ancillary Petition also does not allege facts indicating how and when Grant earned the wages he allegedly saved, how much he had saved, where the currency was stored and confiscated from, or similar details that would allow the Court to find that he had a legally cognizable interest in the funds.

Given that the Ancillary Petition contains, at best, only a conclusory statement regarding Grant's ownership interest in the forfeited funds, the Court finds that Grant has failed to establish standing under § 853(n)(6) and dismisses the petition. *See United States v. Velaszquez-Cordero*, No. 2:20-cr-00106, 2024 WL 3691793, at *8 (D.N.J. Aug. 6, 2024) (dismissing ancillary petition for lack of statutory standing). Additionally, the Ancillary Petition does not plead facts establishing a claim for relief, further warranting dismissal. *See id.*; *United States v. Winters*, No. 19-cr-62, 2020 WL 1911473, at *3 & n.4 (W.D. Pa. Apr. 20, 2020) (considering § 853(n) petition wherein petitioner claimed to be the "rightful owner" of funds seized from defendant and dismissing the petition because it failed to provide sufficient detail regarding the "nature and

---

[4] The Court further notes that the Complaint that Grant previously filed against Llamas contained a "plea to the court to compensate me the monetary funds $70,758.00 so that I can buy a house and help my dad." 2024 Compl., at 5. Such language suggests that Grant did not necessarily have legal interest in the funds prior to their seizure, but rather seeks to acquire the funds if they are available.

extent of [petitioner's] right, title, or interest in the property"); *United States v. Mallu*, No. 21-cr-326, 2025 WL 606600, at *4 (W.D. Pa. Feb. 25, 2025) (dismissing ancillary petitions for failure to comply with pleading requirements under § 853(n)); *see also United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (upholding dismissal of ancillary petition for failure to meet the requirements of § 853(n)(3) because the petition "assert[ed] only a conclusory legal interest[] in the properties").

## IV. CONCLUSION

For the reasons stated above, the Government's Motion to Dismiss the Ancillary Petition is granted. Because any amended petition would be untimely, the Ancillary Petition is dismissed with prejudice. *See Sze*, 2024 WL 195468, at *12. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**